IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

BYRON ALIDIO AGUSTIN,            §
                                 §
                 *Petitioner*,   §
                                 §
v.                               §        No. 1:26-CV-01438-DAE
                                 §
ORTEGA, *et al.*,                §
                                 §
                 *Respondents*.  §
                                 §

## ORDER

Before the Court is Petitioner Byron Alidio Agustin's ("Petitioner")

Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.  (Dkt. # 1.)  Under 28

U.S.C. § 2243, a court:

> entertaining an application for a writ of habeas corpus shall forthwith
> award the writ or issue an order directing the respondent to show
> cause why the writ should not be granted, unless it appears from the
> application that the applicant or person detained is not entitled thereto.

The statute also directs that the person to whom the writ is directed shall return the

writ "within three days unless for good cause additional time, not exceed twenty

days, is allowed."  28 U.S.C. § 2243.  Petitioner has alleged that he is entitled to a

writ because he is being wrongfully detained without bond.  (See Dkt. # 1.)  He

alleges such detention his Fifth Amendment due process rights, the Immigration

1

and Nationality Act ("INA"), and the Administrative Procedure Act ("APA").  (Id. at 8–11.)

Pursuant to § 2243, the Court will order Respondents Todd Blanche, United States Attorney General; Markwayne Mullin, Secretary of the Department of Homeland Security ("DHS"); Todd Lyons, Acting Director of U.S. Immigration and Customs Enforcement; Sylvester Ortega, Field Office Director for the San Antonio Field Office of ICE; and Charlotte Collins, Warden, T. Don Hutto Detention Center (collectively, "Respondents") to show cause within the next three days as to why Petitioner's writ should not be granted in accordance with § 2243.

**IT IS ORDERED** that the referral of this case to the United States Magistrate Judge Susan Hightower, (Dkt. # 2), is **VACATED** and that this matter be returned to the docket of the District Court Judge David Alan Ezra.

**IT IS FURTHER ORDERED** that notice of electronic filing of the Petition, (Dkt. # 1), and this Order to the United States Attorney in San Antonio, Texas shall constitute service on the Federal Respondents, as required by the Rules Governing § 2254 Cases[1] and Federal Rule of Civil Procedure 5.[2]

---

[1] The Rules Governing § 2254 Cases may be applied to § 2241 cases.  See Olya v. Garite, No. EP-25-CV-00083-DCG, 2025 WL 3254931, at *3 (W.D. Tex. Oct. 14, 2025) ("The Rules Governing § 2254 Cases ('Habeas Rules'), which a court may apply to § 2241 cases, authorize courts to apply the Federal Rules of Civil Procedure ('FRCP') to the extent they do not conflict with the Habeas Rules.").

[2] Rule 5(b)(2)(E) permits service by "sending [a paper] to a registered user by filing it with the court's electronic-filing system."  The United States Attorney in

**IT IS FURTHER ORDERED** that the Clerk of Court shall serve Respondent Collins, Warden of the T. Don Hutto Detention Center with copies of the Petition for Writ of Habeas Corpus, (Dkt. # 1), and this Order, and such delivery by certified mail, return receipt requested, will constitute sufficient service of process.

**IT IS FURTHER ORDERED** that <u>Respondents show cause in writing **on or before June 5, 2026**</u>, as to why the Court should not grant Petitioner's Petition for Writ of Habeas Corpus.  28 U.S.C. § 2243.  **The response must identify**: (1) Petitioner's alleged country of birth, so that Petitioner can be located in the Online Detainee Locator System; (2) Petitioner's alleged date of entry and statutory basis for removability; (3) any previous immigration detention history, e.g., whether Petitioner has previously been subject to immigration detention and, if so, the approximate date of Petitioner's previous release into the interior; (4) Petitioner's alleged immigration status, e.g., whether Petitioner has a pending claim for asylum, withholding of removal, or protection under the

---

San Antonio is a registered user of the Court's electronic filing system.  While the Western District of Texas Administrative Policies and Procedures for Electronic Filing in Civil and Criminal Cases, Section 5, typically bars notice of electronic filing from constituting service of writs, given the high volume of habeas cases challenging immigration detention, the Court will permit such notice of electronic filing to suffice as proper service in this case.

Convention Against Torture or is subject to a final removal order; and (5)

Respondents' asserted detention authority.

At this time, the Court will not plan to set a hearing on this matter,

but, **on or before June 5, 2026,** either party may request a hearing to be scheduled

after briefing is complete.  Failure to request a hearing will constitute waiver of the

opportunity for a hearing under § 2243.  The Court is amenable to ruling on the

papers if the parties waive a hearing.

**IT IS FINALLY ORDERED** that Respondents **SHALL NOT** (1)

remove or deport Petitioner from the United States, or (2) transfer Petitioner to any

facility outside the boundaries of the Austin Division of the Western District of

Texas, until the Court orders otherwise or this case is closed.  See United States v.

United Mine Workers of Am., 330 U.S. 258, 293 (1947) ("[T]he District Court had

the power to preserve existing conditions while it was determining its own

authority to grant injunctive relief."); cf. Brownback v. King, 592 U.S. 209, 218-19

(2021).  This is not to be construed as a temporary restraining order but rather an

exercise of the Court's inherent power to preserve its ability to hear the case.  See

Santiago v. Noem, No. 3-25-CV-361-KC, 2025 WL 2606118, at *2–3 (W.D. Tex. Sept. 9, 2025) (collecting cases).[3] [4]

   **IT IS SO ORDERED**.

   **DATED**: Austin, Texas, June 2, 2026.

_____
David Alan Ezra
Senior United States District Judge

_____

[3] In issuing this order, the Court acknowledges a recent, unpublished opinion issued by the Fifth Circuit, Imran v. Harper, No. 25-30370, 2026 WL 93131 (5th Cir. Jan. 13, 2026).  In that case, the Fifth Circuit held that the district court lacked jurisdiction to grant the petitioner's request for a stay of removal, finding that the petitioner's request was a challenge to a removal order and was thereby barred by 8 U.S.C. § 1252(g).  Id. at *1.  However, in Imran, the petitioner was subject to a removal order and sought relief from that pending order.   Imran v. Harper, No. 1:25-cv-00841-DDD-JPM, Dkt. # 1 at 5, 8, 14 (W.D. La. June 16, 2025).  Here, on the other hand, Petitioner is not subject to a removal order and is instead challenging the lawfulness of his detention during ongoing removal proceedings. (Dkt. # 1 at 7.)  Accordingly, by ordering Respondents not to remove Petitioner from the United States or transfer Petitioner out of the Division during the pendency of this litigation, the Court is not preventing the execution of a removal order but rather preserving its ability to hear the case in the near term, which it is permitted to do.  See United Mine Workers, 330 U.S. at 293; United States v. Shipp, 203 U.S. 563, 573 (1906); see also Jennings v. Rodriguez, 583 U.S. 281, 294 (2018) (explaining § 1252(g) bars the court's jurisdiction only with respect to the three discrete actions mentioned in the statute); Cardoso v. Reno, 216 F.3d 512, 516–17 (5th Cir. 2000) (noting that § 1252(g) does not prohibit courts from reviewing a noncitizen detention order).

[4] Should Petitioner seek voluntary departure, Petitioner may voluntarily dismiss this case before the Court, which would close the case and terminate this order.